May it please the court, I'm John Sasmor, the appellant. This case has at least five very alive legal issues that affect many people. First, the district court found that an entire group of statutory tenants lacks a property right, even though the statute gives those tenants a right to continued occupancy pending a hearing. Second, the district court erroneously found that all the other alleged constitutional rights have a property right as a standing requirement rather than their own separate standing requirements. Third, the district court found that express trust names can hold property in the express trust name even though the express trust names can't sue or be sued. The effect of that ruling is to allow new corporate forms with immunity from suit as long as the trustees manage to conceal their identities as they did here. Fourth, the district court held that when a marshal refuses to show his badge, which is a crime, refuses to show the warrants, executes warrants which are facially invalid, and brings in the fire department to try to vacate the whole building, that's all part of his routine everyday job and he's immune from suit. Finally, the district court didn't reach the question of whether warrants to remove all persons violate the Constitution. Specific to the facts of this case, I'd like to make a point about the words not aggrieved. I showed up to defend against eviction and the housing court said, okay, you're not a named party, you cannot participate. Then the state appellate court said that I was not aggrieved. Not aggrieved means my rights were never determined because if I had had my rights determined, I would have been aggrieved and I could have appealed. Though I was not aggrieved and my rights were not determined, unfortunately and unfairly and unconstitutionally, New York's statutory eviction warrants language says that everyone would get removed whether their rights were determined or not. Last but not least, I'd like to provide the court with a quick update about the facts. Not a single additional eviction case ever was brought after the state appellate court ruled in my favor. I moved out of that rooming house voluntarily. The building was sold at foreclosure sale and a referee's deed was recorded. I no longer seek any injunctive relief but do continue to seek damages. This appeal affects an entire class of statutory tenants, affects every occupant not named to eviction proceedings, and affects the structure of property ownership throughout New York State. Thank you for considering this appeal. Thank you. We'll hear your adversary. Good morning, Your Honors. If it pleases the court, I'm Kenneth Litwack. I represent New York City Marshal Stephen Powell. This is the second time we are here on this case. Nothing new has developed that affects the city marshal. The city marshal is an officer of the court. He was carrying out a warrant that was valid on its face. He's not to look behind the process in the court, in the lower courts, and he did his job, and that's all he did. The appellant lacked standing in the lower courts. He was given a full and fair opportunity to be heard. He was not the tenant in these apartments on these warrants. He not only had review on three different warrants in the lower court and then also in the appellate term. So absolutely nothing new vis-a-vis the marshal, who's just an officer of the court carrying out his job. Thank you. Thank you.